**12 CV 8298**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WAYNE ROSE,

             Plaintiff,

- against –

EXPERIAN CREDIT SERVICES, INC.,
DIRECT TV, INC. VERIZON
COMMUNICATIONS INC. and CBE
GROUP, INC.,

             Defendants.
-------------------------------------------------------X

INDEX NO.

COMPLAINT



Defendants Addresses:
CBE GROUP, INC.
1309 Technology Parkway
Cedar Falls, IA 50613-6976

Verizon Communications, Inc.
140 West Street
New York, NY 10007

Direct TV Inc
2230 E. Imperial Highway
El Segundo, CA 902245

Experian Credit Services, Inc.
1271 Avenue of the Americas, 45th Flr.
New York, NY 10020

     Plaintiff, WAYNE ROSE, as and for his Complaint against the above named defendants alleges as follows:

### NATURE OF ACTION

1.    This is a claim against defendant EXPERIAN CREDIT SERVICES, INC. ("EXPERIAN") for violation of the Fair Credit Reporting Act (15 USC Sections 1681) together with claims against DIRECT TV INC, VERIZON COMMUNICATIONS INC and CBE GROUP, INC., for slander and defamation, illegal and improper billing, against VERIZON for its conduct is changing plaintiff's communications services without his consent and for illegal

1

and improper conduct depriving plaintiff of his person and property together with compensary damages for lost of business as a result of the defendants acts and conduct together with exemplary and punitive damages. Furthermore, plaintiff seeks a preliminary injunction against the defendants in continuing to slander plaintiff's credit on plaintiff's credit report maintained by defendants EXPERIAN.

2. In addition, the defendants have violated those NY State Laws as set forth in Article 349 and 350" to wit, deceptive practices to commit fraud against consumers and as such, the plaintiff is entitled to treble damages in addition to those damages as per the State Statute Permits.

## JURISDICTION

3. This is an action to redress deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the First, Fourth and Fourteenth Amendments of the Constitution of the United States.

4. Jurisdiction of the court is invoked pursuant to 28 USC Sections 1331, 1332 and 1392 in that this dispute involves predominate issues of federal law. Defendants are liable unto plaintiff pursuant to the provisions of the Fair Credit Reporting Act, 15 USC 1681 et. Seq as well as other applicable federal and state laws. Further defendants are also liable to the plaintiff pursuant to the laws of the State of New York which claims may be brought under Supplemental Jurisdiction of this Court per 28 USC 1368.

5. Jurisdiction's based in the defendant VERIZON COMMUNICATIONS INC maintains its principle corporate headquarters in the County of New York, City and State of New York as well as defendant EXPERIAN CREDIT SERVICES maintains an office in the City, County and State of New York.

6. Jurisdiction is also found on diversity.

## THE PARTIES

7. That at all times hereinafter mentioned the plaintiff is a resident of the State of New York, Kings County.

8. That at all times hereinafter mentioned the defendant EXPERIAN maintains its corporate offices at

9. That at all times hereinafter mentioned the defendant DISH TV maintains its corporate offices at

10. That at all times hereinafter mentioned the defendants CBE GROUP INC maintains its corporate offices at Cedar Falls, IA

11. That at all times hereinafter mentioned the defendant VERIZON maintains its corporate offices at

## BACKGROUND

12. That on or about February of 2012 plaintiff requested the services of DISH TV for his home located at 148A MacDougal Street, Brooklyn, NY from his previous residence at 460 Hancock Street, #1, Brooklyn, New York..

13. That at said time plaintiff had an existing account with defendant VERIZON which service was for a HELP LINE as plaintiff is a disabled veteran.

14. That subsequent to said installation defendant VERIZON, without the consent or permission of the plaintiff, cancelled plaintiff's HELP LINE and "bundled" plaintiff's account with DIRECT TV with its service causing plaintiff to lose his promotional special with defendant DIRECT TV and was caused to not only incur additional expenses but defendants DIRECT TV and VERIZON were "Double Billing" plaintiff for the same service.

15. That defendant VERIZON cancelled plaintiff's telephone service (Help Line) and commenced billing plaintiff with regular service without his consent and/or permission.

16. That plaintiff made numerous attempts from February 2012 until April of 2012 to rectify the same.

17. That each time the plaintiff was advised by each defendant VERIZON and DIRECT TV that it was the others responsibility to "straighten the matter out".

18. That each month the plaintiff, in good faith, made efforts and paid those sums which were due to the defendants.

19. A copy of plaintiff's accounts and records showing payments is annexed hereto.

20. That said monthly billing should have been approximately $77 per month but as a result of the double billing and the unauthorized "Bundling" of plaintiff's accounts and the unauthorized canceling of his LIFE LINE the plaintiff was caused to incur bills in which he did not agreement up nor could he afford with his disability.

21. That the defendants failed and refused to correct the accounts despite numerous promises that the same would be rectified.

22. That as a result of the negligence and inept employees and policies of the defendants VERIZON and DIRCT TV the plaintiff on April 3, 2012 advised the defendants both orally and in writing that he no longer wished to do business with them and to cancel said account.

23. That subsequent thereto, the plaintiff inadvertently returned the defendant DIRECT TV equipment to it in a box sent to a KENIA BASILO who resided in the same building.

24. Plaintiff attempted, on numerous occasions to amicably rectify the account and equipment with the defendants with each time each one indicating it was the other companies responsibility to correct the same.

25. That subsequent thereto the defendants failed and refused to terminate the plaintiff's account and continued to bill him for services he canceled having switched his services to a more reputable and reliable company, to wit, OPTIMIUM.

26. That subsequent thereto the defendants DIRECT TV and VERIZON duly placed the matter into collection claiming plaintiff owed them over $900.00 for services which plaintiff did not want and cancel.

27. That on or about September 20, 2012 the defendant CBE placed a collection account on plaintiff's credit report lowing his credit score.

28. That subsequent thereto plaintiff contacted defendant EXPERIAN demanding that said company remove the improper and false claim of the defendants VERIZON, DIRECT TV and CBE.

29. That during said time the plaintiff has been applying for a business loan through the SBA Veteran Assistance Program to obtain funds to open a food manufacturing plant for the production of certain food products on a major corporate account, which the plaintiff had secured.

30. That as a result of the conduct of the defendants and the lowing of the plaintiff's credit score the plaintiff is unable to secure said financing.

31. That to date hereof the defendant DIRECT TV continues to bill the plaintiff for services he no longer uses and has demanded that the defendant cease and desist said service and defendant has failed and refused to do so and continues to harass plaintiff by sending plaintiff monthly statements demanding money not properly owed.

## AS AND FOR A FIRST CAUSE OF ACTION

32. Plaintiff repeats and reiterates each and every allegation set forth above as if more fully set forth at length herein.

33. The defendants willfully violated the mandates of Sections 1681 and plaintiff has suffered damages.

34. The defendants likewise violated the mandates of Section 1681 and such violations form the basis of negligence per se claim and intentional tort, per se.

35. Defendants knew or should have known or consciously known that the information that it reports on the plaintiff is false and improperly attributed to plaintiff.

36. That as a result thereof plaintiff demands judgment in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Plaintiff repeats and reiterates each and every allegation set forth above as if more fully set forth at length herein.

38. Defendants failed to exercise reasonable care and prudence in reporting the information, the handling or removing the same after demand was duly made and/or the handling of investigation(s) and/or reinvestigations of the plaintiff's claim, all made the subject o this lawsuit, and consequently caused damage to the plaintiff.

39. Defendants have engaged and continue to engage in deceptive acts and practices in the conduct of its business, trade and commerce, and in furnishing of service within New York State all in violation of NY General Business Law Second 349 et seq, 70 GBL Section 349(h), to wit in part that" Any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice and an action to recover his actual damages.

40. Defendants have engaged in deceptive acts and practice violating Section 349 of the NY General Business Law, as alleged and defendants engage in deceptive acts and practice violating Section 350 of the General Business Laws of NY.

41. That as a result thereof, plaintiff demands judgment against the defendants in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

42. Plaintiff repeats and reiterates each and every allegation set forth above as if more fully set forth at length herein.

43. That said information and publication thereof is libel, slander and defamation per se.

44. Defendants are "users" of credit information and furnishers of credit information as stated in the FCRA.

45. Defendants recklessly, maliciously and/or intentionally published and disseminated false and inaccurate information concerning plaintiff with reckless disregard for the truth of the matter reported.

46. Defendants publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of the plaintiff and caused him severe humiliation and emotional distress and mental anguish.

47. Defendants were duly notified of its false reporting and however, defendants continue to issue and/or publish the same, which contains inaccurate and false information about the plaintiff.

48. Defendants are aware that the reporting of these activities would and have caused damage to the plaintiff and his ability to enjoy life and utilize credit rating and reputation rights secured by his creditors.

49. Under the subscriber contracts that the defendants maintain it has a number of duties including the duty to report truthful and accurate information about its customers and other consumer including the plaintiff.

50. Alternatively, defendant has with the willful intent to injure or maliciously damage plaintiff's rights in his credit report and reputation and standing in the community.

51. Defendants recklessly, maliciously and/or intentionally published and/or caused to have published and disseminated false and inaccurate information concerning the plaintiff with reckless disregard for the truth of the matter asserted.

52. That the federal law states that when a consumer provides a comply with proper and adequate proof of a disposition of a judgment, said company has an obligation to the consumer to remove the same and/or determine that the same is accurate by investigation the same.

53. That the defendants have failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning an individual about it whom the report relates.

54. That said companies were negligent in that they failed to follow reasonable procedures to assure the accuracy of his credit report on the plaintiff.

55. That the companies conduct was proximately the cause of the negligent injuries to the plaintiff. <u>Whelan v. Trans Union credit Reporting Agency</u>, 862 F.Supp 824, 829 (EDNY 1994).

56. That the defendants have and still have an obligation to delete eh inaccuracy from plaintiff's file/report. <u>Caltabiano v. BSB Bank and Trust Co.</u>, 387 F.Supp2d 135, 140 (EDNY 2005).

57. That the defendants have violated 15 USC Sections in that the defendants have received proper and legal notification of the inaccuracy of the information and continues to furnish said false, malicious slanderous and defamatory information to others with the willful intent to injure the plaintiff.

58. That the aforesaid conduct is "malice" per se in the content of the FCRA. To wit, the defendants have show that it knew of the false information and has intentionally committed acts in conscious disregard of the rights of the plaintiff herein.

59. That defendants are liable for actual damages sustained by the plaintiff of this violation.

60. That as a result thereof the plaintiff has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00).


## AS AND FOR A FOURTH CAUSE OF ACTION

61. Plaintiff repeats and reiterates each and every allegation set forth above as if more fully set forth at length herein.

62. Plaintiff is entitled to an award of punitive damages against the defendants in order to deter others from conducting itself in the fashion in which it treated the plaintiff and other DISABLE PEOPLE who rely on LIFE LINES herein in the future but in no event same should be less the THIRTY MILLION ($30,000,000.00) DOLLARS (Treble amount of actual damages plaintiff has incurred, to wit, the lost of a business contract and the ability to obtain funding for his business).

## AS AND FOR A FIRST CAUSE OF ACTION

63. Plaintiff repeats and reiterates each and every allegation set forth above as if more fully set forth at length herein.

64. Defendants failed to exercise reasonable care and prudence in reporting the information, the handling or removing the same after demand was duly made and/or the handling of investigation(s) and/or reinvestigations of the plaintiff's claim, all made the subject o this lawsuit, and consequently caused damage to the plaintiff.

65. Defendants have engaged and continue to engage in deceptive acts and practices in the conduct of its business, trade and commerce, and in furnishing of service within New York State all in violation of NY General Business Law Second 349 et seq, 70 GBL Section 349(h), to wit in part that" Any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice and an action to recover his actual damages.

66. Defendants have engaged in deceptive acts and practice violating Section 349 of the NY General Business Law, as alleged and defendants engage in deceptive acts and practice violating Section 350 of the General Business Laws of NY.

67. That the defendant DIRECT TV (DISH) refuses to cease and desist services and continues to attempt to extort money from the plaintiff for services which are not and have not been rendered despite plaintiff's demand to cease and desist.

68. That as a result thereof, plaintiff demands judgment against the defendants in the sum of FIVE THOUSAND ($5,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

69. Plaintiff repeats and reiterates each and every allegation set forth above as if more fully set forth at length herein.

70. That said information and publication thereof is libel, slander and defamation per se.

71. Defendants are "users" of credit information and furnishers of credit information as stated in the FCRA.

72. Defendants recklessly, maliciously and/or intentionally published and disseminated false and inaccurate information concerning plaintiff with reckless disregard for the truth of the matter reported.

73. Defendants publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of the plaintiff and caused him severe humiliation and emotional distress and mental anguish.

74. Defendants were duly notified of its false reporting and however, defendants continue to issue and/or publish the same, which contains inaccurate and false information about the plaintiff.

75. Defendants are aware that the reporting of these activities would and have caused damage to the plaintiff and his ability to enjoy life and utilize credit rating and reputation rights secured by his creditors.

76. Under the subscriber contracts that the defendants maintain it has a number of duties including the duty to report truthful and accurate information about its customers and other consumer including the plaintiff.

77. Alternatively, defendant has with the willful intent to injure or maliciously damage plaintiff's rights in his credit report and reputation and standing in the community.

78. Defendants recklessly, maliciously and/or intentionally published and/or caused to have published and disseminated false and inaccurate information concerning the plaintiff with reckless disregard for the truth of the matter asserted.

79. That the federal law states that when a consumer provides a comply with proper and adequate proof of a disposition of a judgment, said company has an obligation to the consumer to remove the same and/or determine that the same is accurate by investigation the same.

80. That the defendants have failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning an individual about it whom the report relates.

81. That said companies were negligent in that they failed to follow reasonable procedures to assure the accuracy of his credit report on the plaintiff.

82. That the companies conduct was proximately the cause of the negligent injuries to the plaintiff. Whelan v. Trans Union credit Reporting Agency, 862 F.Supp 824, 829 (EDNY 1994).

83. That the defendants have and still have an obligation to delete eh inaccuracy from plaintiff's file/report. Caltabiano v. BSB Bank and Trust Co., 387 F.Supp2d 135, 140 (EDNY 2005).

84. That the defendants have also violated 15 USC Sections in that the defendants have received proper and legal notification of the inaccuracy of the information and continues to furnish said false, malicious slanderous and defamatory information to others with the willful intent to injure the plaintiff.

85. That the aforesaid conduct is "malice" per se". To wit, the defendants have show that it knew of the false information and has intentionally committed acts in conscious disregard of the rights of the plaintiff herein.

86. That defendants are liable for actual damages sustained by the plaintiff of this violation.

87. That as a result thereof the plaintiff has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION

88. Plaintiff repeats and reiterates each and every allegation set forth above as if more fully set forth at length herein.

89. That the defendants have conspired and acted together in concert to target disabled people or others who may have difficulty in protecting their rights and the defendants have made a practice to target said disabled people in order to illegally obtain money from improper billing and the defendants have commenced a campaign to harass and intimidate disabled people in order to profit illegally.

90. Plaintiff is entitled to an award of punitive damages against the defendants in order to deter others from conducting itself in the fashion in which it treated the plaintiff and other DISABLE PEOPLE who rely on LIFE LINES herein in the future but in no event same should be less the TEN MILLION ($10,000,000.00) DOLLARS (Treble amount of actual damages plaintiff has incurred, to wit, the lost of a business contract and the ability to obtain funding for his business as per the NY General Business Law).

## AS AND FOR A FOURTH CAUSE OF ACTION

91. Plaintiff repeats and reiterates each and every allegation set forth above as if more fully set forth at length herein.

92. Defendants failed to exercise reasonable care and prudence in reporting the information, the handling or removing the same after demand was duly made and/or the handling of investigation(s) and/or reinvestigations of the plaintiff's claim, all made the subject o this lawsuit, and consequently caused damage to the plaintiff.

93. Defendants have engaged and continue to engage in deceptive acts and practices in the conduct of its business, trade and commerce, and in furnishing of service

within New York State all in violation of NY General Business Law Second 349 et seq, 70 GBL Section 349(h), to wit in part that" Any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice and an action to recover his actual damages".

94. Defendants have engaged in deceptive acts and practice violating Section 349 of the NY General Business Law, as alleged and defendants engage in deceptive acts and practice violating Section 350 of the General Business Laws of NY.

95. That the defendant DIRECT TV refuses to cease and desist services and continues to attempt to extort money from the plaintiff for services which are not and have not been rendered despite plaintiff's demand to cease and desist.

96. That as a result thereof, plaintiff demands judgment against the defendants in the sum of FIVE THOUSAND ($5,000.00) DOLLARS.

WHEREFORE, plaintiff demands judgment against the defendants for injunctive relief ordering the defendants to remove the statement from plaintiffs credit report pending the discovery and trial of this action.

A trial by jury of all issues involved in this Complaint is hereby demanded with such other and further relief as this court deems just and proper under the circumstance.

Respectfully submitted,

WAYNE ROSE
Plaintiff Pro Se
148A MacDougal St., #1
Brooklyn, NY 11233
(347) 413-5446

Wayne Rose
148A MacDougal St.
Brooklyn, NY 11233
(347) 413-5446

Pro Se Clerk
US Federal Courthouse
500 Pearl Street
New York, NY 10007-1312

                        Re:    Wayne Rose v. Experian, et. al.

Dear Madam or Sir:

Please be advised that I am disabled and it is difficult for me to get out and about.

I have enclosed herewith three summons and complaints against Experian and others for violation of the Fair Credit Reporting Act together with a standard form for poor person and another Affidavit submitted by myself in additional support of my poor person application.

Can you kindly process the same for me.

Thank you so much.

Very truly yours,

Wayne Rose

RECEIVED PRO SE OFFICE 2012 NOV -9 P 3:06

